

**SO ORDERED.**

**SIGNED this 19 day of November, 2008.**

_Dale L. Somers_
**Dale L. Somers**
**UNITED STATES BANKRUPTCY JUDGE**

_____

**Designated for on-line use; not designated for publication**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

**In re:**

**ROBERT JAMES KUHASZ and**          **CASE NO. 07-20282**
**GINA ROBIN KUHASZ,**          **CHAPTER 13**

                **DEBTORS.**

**MEMORANDUM OPINION AND ORDER DENYING**
**DEBTORS' OBJECTION TO PROOF OF CLAIM AND**
**MOTION TO AMEND CONFIRMED PLAN**

The matters before the Court are the Debtors' Objection to Proof of Claim[1] filed by

Community America Credit Union (hereafter "Community") and Motion to Modify Plan.[2] A

hearing on both motions was held on September 17, 2008, after which the matters were taken

under advisement. Debtors appeared by Drew Frackowiak. Creditor Community appeared by

---

[1] Doc. 73.

[2] Doc. 75.

1

Bruce Strauss. William H. Griffin, the Chapter 13 Trustee, also appeared. The Court has jurisdiction.[3]

## BACKGROUND FACTS.

Debtors filed for relief under Chapter 13 on February 19, 2007. On Schedule D they listed a secured claim in the amount of $28,000 held by GMAC secured by a purchase money lien in a 2005 GMC Envoy acquired less than 910 days prepetition. In their proposed plan, they provided for payment of the full amount of the claim as a secured claim under § 1325(a)(*).[4] The plan as confirmed on May 21, 2007, provided for the payment of the 910 claim of $28,000 as a secured claim.[5] A bar date of June 12, 2007 was set.[6]

Creditor Community timely filed a secured proof of claim asserting that it held a claim for $31,380.12, secured by a purchase money lien in the GMC Envoy. Debtor then filed an amendment to schedule D switching the car creditor from GMAC to Community, but not changing the amount of the claim. The plan was evidently thereafter interpreted as providing for payment of Community's 910 claim for $31,380.12 as a fully secured claim.

---

[3] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. Allowance of claims and matters concerning the administration of the estate are core proceedings which this Court may hear and determine as provided in 28 U.S.C.§ 157(b)(2)(B) and (A). There is no objection to venue or jurisdiction over the parties.

[4] Doc. 2. In this opinion the hanging sentence following 11 U.S.C. § 1325(a)(9) is cited as § 1325(a)(*).

[5] Doc. 29.

[6] *Id.*

2

On February 4, 2008, the Court approved an order granting Debtors' motion to substitute counsel.  On May 16, 2008, Debtors filed their Objection to Proof of Claim, seeking to reduce the secured portion of Community's claim from $31,380.12 to $25,613.12 at the contract interest rate of 7.2% instead of the *Till* rate.[7]  Debtors stated,"the total claim is not secured because they acquired the subject vehicle by trading in a vehicle in which there was negative equity of $5,767.00."[8]  Community objected,[9] contending that the claim objection is untimely, stating that the Chapter 13 Trustee has been paying the claim over the past eleven months, asserting estoppel, and denying that negative equity is excluded from the purchase money claim for 910 vehicles.

On May 16, 2008, Debtors also filed their Motion to Modify Plan.[10]  The amendments sought are identical to those alleged in the objection to Community's claim - reduction of Community's secured claim from $31,380.12 to $25,613.12 to be paid at 7.2% interest.[11] Community's objection asserted that there is no statutory basis for modification and that the rights of the parties were established by the confirmation order.[12]

**ANALYSIS.**

The basis for Debtors' objection and motion to amend the plan to reduce the amount of Community's secured claim is the position that negative equity financed as part of the purchase

---

[7] Doc. 73.

[8] *Id.*

[9] Doc. 80.

[10] Doc. 75.

[11] *Id.*

[12] Doc. 79.

3

of a vehicle is excluded from the claim entitled to the unique anti-cramdown provision of §

1325(a)(*). Two Bankruptcy Judges in this district are divided on the question,[13] and both cases

are on appeal. This Court has not ruled on the issue. As to the rate of interest, this Court has

ruled that the *Till*[14] rate applies.[15] The basis for Debtors' requested modification of the interest

rate is not clear.[16]

Before the question of whether negative equity is included in the purchase money claim

becomes relevant, the Court must address the procedural question of whether Debtors' post

confirmation objection to claim and motion to amend the plan may be granted under the

circumstances of this case. The controlling Code sections are § 502(j) (reconsideration of

allowed claims), § 1329 (modification of plan after confirmation), and § 1327 (effect of

confirmation). The Court finds that these sections, when construed together, do not allow for

reconsideration of Community's claim or amendment of the confirmed plan. It therefore

declines to address whether negative equity financed as part of the purchase of a motor vehicle

within 910 days before filing is included in the purchase money claim for purposes of §

1325(a)(*).

---

[13] Compare *In re Padgett*, 389 B.R. 203 ( Bankr. D. Kan. 2008) (Karlin, J.) (holding negative equity is excluded from purchase money claim) with *In re Ford*, 387 B.R. 827 (Bankr. D. Kan. 2008) (Nugent, C.J.) (holding negative equity is included in purchase money claim).

[14] *Till v. SCS Credit Corp.*, 541 U.S. 465, 484-85 (2004).

[15] *In re Townsend*, 387 B.R. 817, 820 n.5 (Bankr. D. Kan. 2008); *see also In re Padgett*, 389 B.R. at 213.

[16] This opinion will therefore not separately address the issue of amendment of the plan interest rate. However, the Court's analysis denying modification of the plan to change the payment of Community's secured claim is equally applicable to modification of the interest rate.

Subsection 502(j) provides in part: "A claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case."[17] In this case, Community's claim was deemed allowed under § 502(a). There is therefore no time limit under bankruptcy rules for filing a motion to reconsider.[18] Likewise under § 1329 a debtor may request modification of a confirmed plan to accomplish certain specified changes "at any time . . . before the completion of payments under such plan."[19] However, these rights to reconsider claims and to seek amendment of a confirmed plan are not open ended and must be construed in harmony with § 1327, addressing the effect of confirmation. It provides in subsection (a) that the "provisions of a confirmed plan bind the debtor and each creditor . . .."[20] The finality of a confirmed plan must be a consideration when applying both § 502(j) and § 1329.

As quoted above, § 502(j) provides that a "claim that has been allowed or disallowed may be reconsidered for cause" and a "reconsidered claim may be allowed or disallowed according to the equities of the case." "Cause according to the equities of the case" has been labeled as "an adaptable standard which reflects bankruptcy laws' roots in equity jurisprudence."[21] The extent and reasonableness of any delay, prejudice to the creditor, the effect on efficient administration, and the moving party's good faith have been identified as

---

[17] 11 U.S.C. § 502(j)

[18] 4 *Collier on Bankruptcy* ¶ 502.11[3] (Alan N. Resnick & Henry J. Sommer eds.-in-chief, 15th ed. rev. 2007).

[19] 11 U.S.C. § 1329(a).

[20] 11 U.S.C. § 1327(a).

[21] 4 *Collier on Bankruptcy* ¶502.11[5].

5

relevant factors.[22]

Under the circumstances of this case, the equities do not support allowing reconsideration of Community's allowed claim. Debtors did not object to the claim when it was filed; they waited almost a year until they had changed counsel before filing the motion to reconsider. Debtors now challenge the treatment of the entire claim as secured without regard to the value of the collateral. But the Debtors proposed this treatment when drafting their plan, although at that time there was no controlling case law. The case has been and is being administered based upon the plan proposed by Debtors. The only things that have changed are Debtors' counsel and the May 2008 ruling of one bankruptcy judge in this district that negative equity is not included in the purchase money claim for purposes of § 1325(a)(*). Seeking to reconsider the allowed claim to change that treatment does not evidence good faith.[23]

Assuming, without deciding, that this Court would hold that negative equity is not included in the purchase money claim for 910 vehicles and that this holding would constitute change in the law, neither the Court's own research nor the authorities identified by the parties support the position that a change in law is cause for claim reconsideration. Indeed, allowing reconsideration of claims for changes in law, where the moving party did not preserve an objection to the law as it was at the time of allowance, would have adverse impact upon bankruptcy administration, introducing uncertainty, contrary to the policy of finality codified in

---

[22] *Id.*

[23] *See Russell v. Transport Funding, LLC (In re Russell)*, 386 B.R. 229, 232 n. 9 (8th Cir. BAP 2008) (noting that debtor did not act in good faith when seeking reconsideration of a claim nearly four years after confirmation where the objection targeted the very treatment of the claim which debtor had proposed).

6

§ 1327. Reconsideration almost a year after the claim was allowed and the plan confirmed for oversight of counsel to raise a legal issue would further increase uncertainty.

Modifications of confirmed plans are addressed by § 1329. It allows a debtor, after confirmation and before completion of all payments, to modify a plan. Subsection (a) identifies the kinds of modification permitted. It provides in part:

> (a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to--
>
> (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;
>
> (2) extend or reduce the time for such payments;
>
> (3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan; or
>
> (4) reduce amounts to be paid under the plan by the actual amount expended by the debtor to purchase health insurance . . .

The enumerated grounds do not include either amendment to reflect a change in law or amendment to correct oversight of counsel to raise legal arguments beneficial to the debtor. Plan amendments are "usually in response to altered circumstances following confirmation,"[24] such as changes in debtor's financial circumstances. The only basis for amendment of the plan submitted by Debtors is the requested modification of Community's allowed secured claim. Since the Court has ruled that the claim may not be reconsidered under § 502(j), there is no basis

---

[24] 8 *Collier on Bankruptcy* ¶ 1329.04.

7

to change the payments to Community under § 1329(a)(1). The treatment of Community's claim

under the confirmed plan comports with the claim as allowed.

When the effect of confirmation as stated in § 1327(a) is considered, the correctness of

denying reconsideration of Community's claim and plan amendment under the circumstances

presented is clear. Section 1327(a) provides:

> The provisions of a confirmed plan bind the debtor and each
> creditor, whether or not the claim of such creditor is provided for
> by the plan, and whether or not such creditor has objected to, has
> accepted, or has rejected the plan.

"This provision serves the same purpose as the general doctrine of res judicata."[25] It prohibits

collateral attack on confirmation orders.[26] Section "1327(a) is a comprehensive *statutory*

declaration of binding effect that is not dependent on or limited by the conventional rules for

preclusion."[27]

A post-confirmation change in applicable bankruptcy law is not sufficient to warrant a

revocation or modification of the terms of a confirmed and operating Chapter 13 plan.[28] In

*Crowley*, the holders of a mortgage on Chapter 13 debtor's commercial property filed a post-

confirmation motion for relief from stay to which the debtor objected. The basis for the motion

was a post-confirmation change in long standing bankruptcy law concerning the tolling of a

debtor's equity of redemption by the automatic stay. The court rejected this proposition, finding

that "a post-confirmation change in the law does not *ipso facto* require modification or

---

[25] *In re Mersmann*, 505 F.3d 1033, 1047 (10th Cir. 2007).

[26] *Hamilton v. Washington Mutual Bank (In re Colon)*, 376 B.R. 33, 37 (10th Cir. BAP 2007).

[27] 3 Keith M. Lundin, *Chapter 13 Bankruptcy* § 229.1 at 229-7 (3rd ed. 2000 & 2004 Supp.).

[28] *In re Crowley*, 258 B.R. 587, 592 (Bankr. D. Vt. 2000).

8

elimination of the protections afforded parties to a previously unchallenged and operating Chapter 13 plan."[29]  The movant had not objected to the plan and could not use post-confirmation relief from stay as a means to attack the confirmation order.[30]

In *Starling*,[31] a debtor's post-confirmation objection to an arrearage claim filed by mortgagee Chase was denied based upon § 1327(a).  Debtor's proposed plan had provided for payment of an arrearage of over $11,000 to Chase, the first mortgage holder.  Chase timely filed a proof of claim which included an arrearage claim of over $18,000 and objected to confirmation of debtor's proposed plan.  The objection was resolved by debtor's proposing an amended plan providing for full payment of the arrearage as claimed by Chase.  The modified plan was confirmed.  About six months after confirmation, debtor objected to the arrearage claim as excessive, claiming that Chase had not properly credited payments of approximately $8,000.  The Court denied the objection based upon §1327(a).  The court found that the "binding effect of confirmation of the plan is essential in serving the objective of the confirmation process, which is to achieve finality."[32]  "To allow the Debtor to object, months after the plan has been confirmed, would contradict the 'finality' objective of the confirmation process and would overlook the express language of section 1327(a) of the Bankruptcy Code."[33]  The debtor

[29] *Id*., 258 B.R. at 591.

[30] *Id*., 258 B.R. at 592.

[31] *In re Starling,* 251 B.R. 908 (Bankr. S.D. Fla. 2000).

[32] *Id*., 251 B.R. at 910.

[33] *Id*..

9

therefore was found to have waived the right to object to Chase's claim by failing to obtain an adjudication of the amount of the claim prior to confirmation.

In *Lane*,[34] a case relied upon by Debtors in support of plan amendment, this Court allowed modification of a plan under §§ 1329(a)(1) and (3) where a motor vehicle securing a creditor's 910 claim was destroyed post-confirmation and the creditor received payments outside the plan from the motor vehicle insurer. The post-confirmation destruction of the collateral through no fault of the debtor or the creditor was held to be cause for reconsideration of the allowed claim under § 502(j). Destruction rendered it no longer equitable that debtors be required to pay according to the confirmed plan and justified relief from the allowance of the 910 claim as fully secured. The creditor's receipt of the proceeds of the insurance on the collateral constituted payment outside the plan allowing modification under the authority of § 1329(a)(3) and requiring modification of payments to the 910 creditor under §1329(a)(1). Amendment of the plan to terminate payments on the 910-claim as of the date of destruction of the collateral and to pay the remaining portion of the creditor's claim as an unsecured claim was allowed.

In this case there has been no destruction of the 910 collateral. The impetus for reconsideration of the allowed claim and plan modification is a hope that this Court would rule that negative equity financed at the time of purchase of a 910-vehicle is not included in the purchase money claim for purposes of § 1325(a)(*). The circumstances in this case are sufficiently different from those in *Lane* that claim reconsideration and plan modification should not be permitted. In this case, Debtors proposed a plan which paid the 910-vehicle lender's entire claim as a secured claim. They did not object to the proof of claim, which claimed

---

[34] *In re Lane*, 374 B.R. 830 (Bankr. D. Kan. 2007).

10

amounts in excess of that listed on Debtors' schedules.  The plan as confirmed is binding upon

the Debtors.  There have been no events which make it inequitable that Debtors be bound by the

confirmed plan.  As one court has noted when denying debtor's objection to a deficiency claim

filed eight months after confirmation with no explanation for the delay, "If the Court were to

allow reconsideration of claims merely upon a showing that the debtor was asleep at the switch,

there would be no finality to the bankruptcy process."[35]  Likewise a Chapter 13 Trustee's motion

to rescind confirmation based upon his "second thoughts" was denied because "there must be

finality to the order so as to enable all parties to rely upon it without concern . . .."[36]  Although in

some circumstances claims may be reconsidered and plans amended, those circumstances are

constrained by both the express terms of the applicable statutes and the policy of finality as

reflected in § 1327 which precludes a liberal construction of § 502 and § 1329 to allow

modification under the circumstances presented**.**

**CONCLUSION.**

For the foregoing reasons, the Court denies Debtors' Objection to Proof of Claim filed by

Community and Motion to Modify Plan.  Under the circumstances of this case, given the Code

policy of finality of confirmed plans, there is not cause to reconsider Community's allowed

claim and no basis to amend the confirmed plan.

The foregoing constitute Findings of Fact and Conclusions of Law under Rules 7052 and

9014(c) of the Federal Rules of Bankruptcy Procedure which make Rule 52(a) of the Federal

Rules of Civil Procedure applicable to this matter.  A judgment based upon this ruling will be

---

[35] *In re Clark*, 172 B.R. 701, 705 (Bankr. S.D. Ga. 1994).

[36] *In re Winterfeldt*, 28 B.R. 486, 488 (Bankr. E.D. Wis. 1983).

entered on a separate document as required by Federal Rule of Bankruptcy Procedure 9021 and

Federal Rule of Civil Procedure 58.

**IT IS SO ORDERED.**

# # #